**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAROB CLOWNEY, | : | Civil Action No. 03-4316 (JAP) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| ROY L. HENDRICKS, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    SHAROB CLOWNEY, #695922B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Petitioner Pro Se

    STEVEN J. KAFLOWITZ, Assistant Prosecutor
    UNION COUNTY PROSECUTOR
    32 Rahway Avenue
    Elizabeth, New Jersey 07202-2115
    Attorneys for Respondents

**PISANO**, District Judge

    Sharob Clowney filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey, Union County. Respondents filed an Answer seeking dismissal of the Petition on several grounds, including statute of limitations, 28 U.S.C. § 2244(d). For the reasons expressed below, the Court dismisses the Petition with prejudice as untimely and denies a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction in the Superior Court of New Jersey, Union County, Law Division, on September 19, 1994, and amended on November 16, 1994, after a jury found him guilty of first degree murder, felony murder, second degree sexual assault, two counts of first degree attempted murder, three counts of third degree possession of a weapon with intent to use unlawfully, and fourth degree possession of a weapon. The Law Division sentenced Petitioner to an aggregate term of life imprisonment plus 20 years, with a 40-year period of parole ineligibility. In the original judgment of conviction, the Law Division imposed a $30.00 Violent Crimes Compensation Board penalty. In the amended judgment, the court increased the penalty to $35.00. Petitioner appealed. In a published opinion filed on March 19, 1997, the Superior Court of New Jersey, Appellate Division, affirmed the convictions and sentences in opinions, except remanded with instructions to reduce the Violent Crimes Compensation Board penalty to $30.00. The Supreme Court of New Jersey denied certification on July 11, 1997. The Supreme Court of New Jersey denied Petitioner's motion for reconsideration on September 30, 1997.

Petitioner thereafter filed a pro se petition for post conviction relief in the Law Division. The parties dispute the filing date. Petitioner executed the petition on November 11, 1997. (Ra21.) However, the first page of the petition is stamped "received and filed" on February 25, 1998. (Id.) The Law Division denied post conviction relief on May 17, 1999, without conducting an evidentiary hearing. Petitioner appealed and in an opinion filed April 8, 2002, the Appellate Division affirmed the order denying post conviction relief. On September 6, 2002, the Supreme Court of New Jersey denied certification.

On August 9, 2003, Petitioner executed the § 2254 Petition which is now before this Court. The Clerk received it on September 12, 2003. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition asserts twelve grounds, none of which raises a right newly recognized by the United States Supreme Court:

> Ground One: THE TRIAL COURT ERRED IN REFUSING TO ADMIT EVIDENCE OF MS. WILLIAM'S ADMISSION THAT SHE WOULD EXCHANGE SEX FOR DRUGS;
>
> Ground Two: THE TRIAL COURT ERRONEOUSLY ADMITTED HEARSAY TESTIMONY AND UNFOUNDED EXPERT TESTIMONY AS EVIDENCE THAT DEFENDANT BROKE INTO MS. WILLIAM'S APARTMENT THROUGH HER FIRE ESCAPE WINDOW;
>
> Ground Three: THE TRIAL COURT'S ERRONEOUS RULING THAT PROFFERED TESTIMONY WAS HEARSAY DEPRIVED OF A DEFENSE;
>
> Ground Four: THE TRIAL COURT'S INSTRUCTIONS ON A NUMBER OF OFFENSES IN THE INDICTMENT WERE FATALLY DEFECTIVE; a) Passion/provocation manslaughter, b) Imperfect self-defense, c) Felony murder, d) Possession of a weapon for an unlawful purpose, e) Sexual Assault, f) Diminished capacity;
>
> Ground Five: THE PROSECUTOR ON CROSS-EXAMINATION OF DR. COOK ADDUCED INADMISSIBLE EXPERT TESTIMONY AS TO WHETHER DEFENDANT BORE THE CHARACTERISTICS OF A RAPIST;
>
> Ground Six: THE STATUTE, N.J.S.A. 2C:4-2, DEFINING THE DEFENSE OF MENTAL DISEASE OR DEFECT, ON ITS FACT AND AS CHARGED TO THE JURY, SHIFTED THE BURDEN OF PROOF TO THE DEFENDANT IN VIOLATION OF HIS

>    RIGHT TO DUE PROCESS OF LAW. (U.S. CONST. AMEND.
>    XIV; N.J. CONST. (1947), ART. I, PAR. 1);
>
>    Ground Seven: THE JUDGE'S DEFINITION OF REASONABLE
>    DOUBT DILUTED THE STATE'S BURDEN OF PROOF IN
>    VIOLATION OF DEFENDANT'S RIGHT TO DUE PROCESS
>    OF LAW AND A FAIR TRIAL. U.S. CONST. AMEND. V, VI,
>    XIV; N.J. CONST. (1947) ART. I, PARS. 1, 9, 10;
>
>    Ground Eight: THE FAILURE OF THE COURT TO CHARGE
>    "MISADVENTURE" OR ACCIDENT WAS ERROR;
>
>    Ground Nine: THE TRIAL COURT ABUSED ITS DISCRETION
>    BY ALLOWING THE ADMISSION OF PHOTOGRAPHS THAT
>    CREATED A SUBSTANTIAL DANGER OR UNDUE
>    PREJUDICE;
>
>    Ground Ten: THE CUMULATIVE EFFECT OF THE TRIAL
>    COURT'S ERROR VIOLATED THE COMMON LAW OF NEW
>    JERSEY AND THE DUE PROCESS CLAUSE OF THE UNITED
>    STATES CONSTITUTION;
>
>    Ground Eleven: THE PETITION FOR POST-CONVICTION
>    RELIEF SHOULD NOT HAVE BEEN DISMISSED WITHOUT
>    A HEARING WHEREIN DEFENDANT COULD HAVE
>    ESTABLISHED HIS INEFFECTIVE-ASSISTANCE-OF-
>    COUNSEL CLAIM;
>
>    Ground Twelve: THE LOWER COURT ERRED IN
>    DISMISSING THE DEFENDANT'S PETITION ON
>    PROCEDURAL GROUNDS.

(Pet. ¶¶ 12.a. - 12.m.)

Respondents filed an Answer, with relevant portions of the state court record, arguing that the Petition should be dismissed as time-barred and on the merits. Petitioner filed a Traverse, arguing that the Petition was timely and that he is entitled to habeas relief.

## II. DISCUSSION

A. Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

6

In this case, the applicable limitations provision is § 2244(d)(1)(A). The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed July 11, 1997. State v. Clowney, 151 N.J. 77 (July 11, 1997) (table). The statute of limitations therefore began to run on October 9, 1997, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court. See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). The limitations period ran for 33 days, and was statutorily tolled on November 11, 1997, the date that Petitioner executed and presumably handed his post conviction relief petition to prison officials for mailing to the clerk.[1] The statute of limitations picked up again on September 7, 2002, the day after the Supreme Court of New Jersey denied certification with respect to the post conviction relief petition. See State v. Clowney, 174 N.J. 362 (Sept. 6, 2002) (table). The statute of limitations ran for 332 days until it expired on August 4, 2003. Because Petitioner did not sign his § 2254 Petition until August 9, 2003, five days after the statute of limitations expired, the Petition is untimely unless Petitioner is entitled to equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

---

[1] Respondents agree that the limitations period was statutorily tolled but they contend that statutory tolling began on February 25, 1998, because the first page of the post conviction relief petition was date-stamped on February 25, 1998. However, because Petitioner presumably handed his petition for post-conviction relief to prison officials for mailing to the clerk of the Law Division on November 11, 1997, the date he signed it, statutory tolling began on that date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that prisoner's notice of appeal was filed at the time he delivered it to prison authorities for mailing to the clerk); Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date of signing of petition as date petitioner handed it to prison officials for mailing); Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998 (holding that mailbox rule applies to § 2254 petition).

Petitioner has not argued that the limitations period should be equitably tolled. The Court has reviewed the submissions of the parties and discerns no extraordinary circumstances warranting equitable tolling. The Court finds that the statute of limitations expired on August 4, 2003. Because Petitioner did not sign his § 2254 Petition until August 9, 2003, and because he was not entitled to statutory or equitable tolling for any of the period between August 4 and August 9, 2003, the Petition is barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1). Accordingly, the Court dismisses the Petition with prejudice as untimely.

## B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

## III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

_____
JOEL A. PISANO, U.S.D.J.

DATED: ____Nov. 14____, 2005